FILED
JAN 06 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

United States of America, ) Case No. 4-20-70004 MAG
)
    Plaintiff, ) STIPULATED ORDER EXCLUDING TIME
v. ) UNDER THE SPEEDY TRIAL ACT
Aaron Hammond )
)
    Defendant(s). )

For the reasons stated by the parties on the record on __1/6/20__, the court excludes time under the Speedy Trial Act from __1/6/20__ to __1/31/20__ and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

____ Failure to grant a continuance would be likely to result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

____ The case is so unusual or so complex, due to [check applicable reasons] ____ the number of defendants, ____ the nature of the prosecution, or ____ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. See 18 U.S.C. § 3161(h)(7)(B)(ii).

____ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

____ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

____ Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

__X__ With the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first paragraph and — based on the parties' showing of good cause — finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED: __1/6/20__

                                 DONNA M. RYU
                                 United States Magistrate Judge

STIPULATED: _____     _____
              Attorney for Defendant           Assistant United States Attorney